UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL CEARA,

                              Plaintiff,

        v.

DOCCS OFFICER JOSEPH DEACON,

                              Defendant.

No. 13-CV-6023 (KMK)

OPINION AND ORDER

Appearances:

Rafael Ceara
Ossining, NY
*Pro Se Plaintiff*

John E. Knudsen, Esq.
Frederick Hongyee Wen, Esq.
New York State Department of Law Litigation
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

        Pro se Plaintiff Rafael Ceara ("Plaintiff") filed the instant Complaint pursuant to 42

U.S.C. § 1983 against New York State Department of Corrections and Community Supervision

("DOCCS") Officer Joseph Deacon ("Defendant" or "Deacon"), alleging that Defendant

subjected Plaintiff to excessive force when he pushed Plaintiff down several stairs, and then

threatened Plaintiff to deter him from filing a grievance about the incident, in violation of his

rights under the Eighth and Fourteenth Amendments of the United States Constitution.  (*See* Am.

Compl. ("Am. Compl.") (Dkt. No. 7).)  Before the Court is Defendant's Motion to Dismiss the

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Notice of Mot. to Dismiss

("Mot.") (Dkt. No. 17).)  This Motion asserts only that Plaintiff's Action is time-barred.  For the following reasons, Defendant's Motion is denied.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and are taken as true for the purpose of resolving the instant Motion.  On September 5, 2010 at approximately 11:21 a.m., Defendant "malicious[ly] and sadistic[ally] used excessive force to push [Plaintiff, then an inmate at Downstate Correctional Facility in New York,] down several concrete stairs."  (Am. Compl. 2.)  Other inmates witnessed the incident.  (*Id.* at 3.)  As a result of Defendant's conduct, Plaintiff's knee was lacerated and he continues to suffer pain in his knee and back.  (*Id.*)

Defendant and "other officers and sergeants" threatened Plaintiff to deter him from writing a grievance about the incident.  (*Id.*)  Plaintiff nonetheless filed a grievance about the incident and wrote to the superintendent and the state police, who "had the Inspector General investigate the matter . . . [and] interview several other prisoner[] witnesses and [Plaintiff]."  (*Id.* at 5.)  After Plaintiff received an unfavorable response to his grievance, Plaintiff did not appeal the decision because he was not afforded an opportunity to do so.  (*Id.* at 4.)

### B.  Procedural History

Plaintiff filed the original Complaint on August 22, 2013.  (*See* Compl. ("Compl.") (Dkt. No. 2).)  The original Complaint named "Correctional Officer John Doe which [*sic*] worked at Downstate Corr[ectional] [F]ac[ility] on Sep[tember] 5, 2010 on [*sic*] the 7[] a[.]m[.] [to] 3[] p[.]m[.] shift in D-Block, Complex 1" as the defendant.  (Compl. 1.)  Directly below the information provided about the Defendant, Plaintiff stated that he "wrote to [the] Inspector General for [the] full names and have had [*sic*] no respon[s]e."  (*Id.*)  In parenthesis, Plaintiff

noted "C[.]O. Deagan, [h]e has old [*sic*] brother by same name."  (*Id.*)  As "Defendant No. 1,"
Plaintiff listed "John Doe (C[.]O. Deagan younger brother)."  (*Id.*)

The Court issued an Order of Service pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d
Cir. 1997), dated September 4, 2013, directing the New York State Attorney General (the
"Attorney General") to ascertain the identity and address of the John Doe Defendant that
Plaintiff named in the original Complaint within 60 days.[1]  (*See* Order of Service ("Order of
Service") (Dkt. No. 5).)  The Order of Service provided that "Plaintiff must file an amended
complaint naming the John Doe Defendant" within thirty days of receiving information about the
defendant from the Attorney General.  (*Id.* at 2.)  In response, the Attorney General notified the
Court and Plaintiff by letter dated October 25, 2013 that "Officer John Haag and Officer Joseph
Deacon were on duty during the [relevant] shift . . . ."  (*See* Dkt. No. 6.)  Plaintiff then filed the
Amended Complaint on November 22, 2013, substituting "Joseph Deacon, D.O.C.C.S., Officer"
for "Correctional Officer John Doe." (Am. Compl. 1.)

Pursuant to a scheduling order entered after a pre-motion conference on June 16, 2014,
(*see* Dkt. No. 15), Defendant filed the instant Motion to Dismiss, (*see* Mot.), and a memorandum
of law in support of the Motion, (*see* Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s
Mem.") (Dkt. No. 18)); Plaintiff submitted a memorandum of law in opposition to the Motion, a
grievance dated September 9, 2010, and a letter dated September 6, 2010, (*see* Mem. of Law in
Supp. of Plaintiff from Def.'s Mot. to Dismiss ("Pl.'s Mem.") (Dkt. No. 19)); and Defendant
filed a reply, (*see* Reply Mem. of Law in Further Supp. of Def.'s Mot. to Dismiss ("Def.'s
Reply") (Dkt. No. 20)).

---

[1] In *Valentin v. Dinkins*, the Second Circuit held that a pro se litigant is entitled to assistance
from the district court in identifying a defendant.  121 F.3d 72, 75 (2d Cir. 1997).

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (internal quotation marks omitted).  Instead, the Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563.  A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  But if a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed."  *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

In considering Defendant's Motion to Dismiss, the Court is required to consider as true the factual allegations contained in the Complaint.  *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable

inferences in the plaintiff's favor." (italics and internal quotation marks omitted)); *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (same).  Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).  In deciding a motion to dismiss a pro se complaint, however, it is appropriate to consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion"); *Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the Court is typically confined to the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained in a pro se litigant's opposition papers and other court filings.") (citations and internal quotation marks omitted).

Although "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove[,]" a statute of limitations defense may be "raise[d] . . . in a Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (internal quotation marks omitted);  *see also Vasconcellos v. City of New York*, No. 12-CV-8445, 2014 WL 4961441, at *2 (S.D.N.Y. Oct. 2, 2014) (same);

*Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp.3d 191, 210 (S.D.N.Y. 2014) ("[B]ecause the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run." (internal quotation marks omitted)); *cf. Wang v. Palmisano*, No. 13-CV-2186, 2014 WL 5011099, at *11–12 (S.D.N.Y. Sept. 30, 2014) (refusing to dismiss several employment claims under state and federal law as untimely pursuant to Rule 12(b)(6) because of two uncertainties on the face of the complaint as to when the claims accrued).

    B.  Analysis

    As noted, Defendant's sole basis for seeking dismissal of the Action is that Plaintiff's Amended Complaint is time barred.  Because § 1983 does not provide for a specific statute of limitations, courts apply the statute of limitations for personal injury actions under state law.  *See Hogan v. Fisher*, 738 F.3d 509, 517 (2d Cir. 2013); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (same); *Vasconcellos*, 2014 WL 4961441, at *4 (same).  Under New York law, the statute of limitations for personal injury claims is three years.  *See* N.Y. C.P.L.R. § 214(5).  "Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations," *Hogan*, 738 F.3d at 517, that begins to accrue "when the plaintiff knows or has reason to know of the harm," *Shomo*, 579 F.3d at 181 (internal quotation marks omitted).

    Here, Plaintiff alleges that Defendant pushed him down the stairs and threatened him on September 5, 2010.  (Am. Compl. 2.)  Accordingly, Plaintiff had until September 5, 2013 to file his suit.  Although Plaintiff filed the original Complaint on August 22, 2013, two weeks before the expiration of the statute of limitations, he listed "Correctional Officer John Doe" as the defendant.  Plaintiff did not identify Deacon by name until he filed the Amended Complaint on

November 22, 2013.  Defendant contends, therefore, that because "Deacon was not named as a

defendant in this matter until after the three year statute of limitations expired, [the Amended

Complaint] should be dismissed."  (Def.'s Mem. 1.)

Usually, "'John Doe' pleadings cannot be used to circumvent statutes of limitations

because replacing a 'John Doe' with a named party in effect constitutes a change in the party

sued.'"  *Hogan*, 738 F.3d at 517 (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.

1993)).  Substitutions of a party's name for John Doe, therefore, "may only be accomplished" if

the amended pleading relates back to the date of the original complaint under Federal Rule of

Civil Procedure 15(c).  *Aslanidis*, 7 F.3d at 1075; *see also JCG v. Ercole*, No. 11-CV-6844, 2014

WL 1630815, at *12 (S.D.N.Y. Apr. 24, 2014) (same), *adopted by* 2014 WL 2769120 (S.D.N.Y.

June 18, 2014).  Accordingly, as Plaintiff did not list Defendant by name until after the statute of

limitations expired, his claims are timely only if the Amended Complaint relates back to the

original Complaint under Rule 15(c).  *See Vasconcellos*, 2014 WL 4961441, at *5.  Rule 15(c)

contains two subsections that are relevant here—Rule 15(c)(1)(C) and Rule 15(c)(1)(A).  *See*

*Hogan*, 738 F.3d at 517.

### 1.  Plaintiff's Claims are Untimely under Fed. R. Civ. P. 15(c)(1)(C).

"Rule 15(c)(1)(C) provides the federal standard for relation back."  *Hogan*, 738 F.3d at

517.  For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2)
> the party to be brought in must have received such notice that it will not be
> prejudiced in maintaining its defense; (3) that party should have known that, *but*
> *for a mistake of identity*, the original action would have been brought against it;
> and . . . [4] the second and third criteria are fulfilled within 120 days of the filing
> of the original complaint, and . . . the original complaint [was] filed within the
> limitations period.

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–69 (2d

Cir. 1995)).  Here, Defendant does not dispute that the claims in the Amended Complaint arise

out of the conduct described in the original Complaint, that he received notice so as not to be

prejudiced in maintaining his defense, or that he received notice of the Amended Complaint

within 120 days of the filing of the original Complaint.  Instead, Defendant argues that Plaintiff

cannot meet the third requirement for relation back because under Rule 15(c)(1)(C) "[P]laintiff's

reason for not serving Officer Deacon within the three year period, that he did not know the

identity of the defendant, is insufficient . . . ."  (Def.'s Mem. 4.)  Defendant is correct.

"[A]lthough 'Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake'

concerning the identity of the parties . . . [,] the failure to identify individual defendants when the

plaintiff knows that such defendants must be named cannot be characterized as a mistake.'"

*Hogan*, 738 F.3d at 517–18 (quoting *Barrow*, 66 F.3d at 470).  In other words, "lack of

knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'"  *Id.* at

518 (citing *Barrow*, 66 F.3d at 470); *see also Vasconcellos*, 2014 WL 4961441, at *7

(concluding that the plaintiff's claims did not relate back under Fed. R. Civ. P. 15(c)(1)(C)

because the plaintiff was "ignorant" and not "mistaken" about the John Doe defendants'

identities); *Strada v. City of New York*, No. 11-CV-5735, 2014 WL 3490306, at *10 (E.D.N.Y.

July 11, 2014) (citing *Hogan* and explaining that "*Barrow* remains good law . . . and precludes

[the] [c]ourt from finding that [the] [p]latiniff's failure to amend the [c]omplaint to name the

individual officers was a mistake contemplated by Rule 15(c)").  Accordingly, because Plaintiff

cannot satisfy the third requirement, his amended pleading cannot relate back under Rule

15(c)(1)(C).  *See Hogan*, 738 F.3d at 518.

### 2.  Plaintiff's Claims are Timely under Fed. R. Civ. P. 15(c)(1)(A).

An amended pleading relates back pursuant to Fed. R. Civ. P. 15(c)(1)(A) when "the law

that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P.

15(c)(1)(A). In applying Rule 15(c)(1)(A), courts are "to look at the entire *body* of limitations

law that provides the applicable statute of limitations." *Hogan*, 738 F.3d at 518. Because § 1983

"derives its statute of limitations from state law," the Court looks to New York State law. *Id.*

Here, the applicable state law is § 1024 of the New York Practice Law and Rules ("CPLR"),

which states:

> A party who is ignorant, in whole or in part, of the name or identity of a person
> who may properly be made a party, may proceed against such person as an
> unknown party by designating so much of his name and identity as is known. If
> the name or remainder of the name becomes known all subsequent proceedings
> shall be taken under the true name and all prior proceedings shall be deemed
> amended accordingly.

N.Y. C.P.L.R. § 1024. As the Second Circuit has recently held, CPLR § 1024 is in fact more

forgiving in relating back complaints in the John Doe context. *See Hogan*, 738 F.3d at 518.

Accordingly, the Court must determine whether Plaintiff may take advantage of § 1024. *See*

*Wilson v. City of New York*, No. 03-CV-2495, 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31,

2006) (noting that Rule 15(c)(1) directs courts to apply either state or federal law, whichever

"affords a more forgiving principle of relating back") (internal quotation marks and citation

omitted).

As an initial matter, a plaintiff may not designate a party as "John Doe" under § 1024 if

he has actual knowledge of the party's identity. *See Deutsche Bank Nat. Trust Co. v. Turner*,

934 N.Y.S.2d 33, No. 10-CV-41152, 2011 N.Y. Slip Op. 51153(U), at *2 (Civ. Ct. Apr. 22,

2011); *Maurro v. Lederman*, 795 N.Y.S.2d 867, 870 (Sup. Ct. 2005) ("An explicit prerequisite to

the use of CPLR 1024 is plaintiff's ignorance of the defendant's name."). "If none of the name

is known, then a completely fictitious name may be utilized. However, such a designation can

only be made if the designating party does not know all or part of the other party's name;

otherwise the party must be designated to the extent that his or her name is known." *First Fed.*

*Savings & Loan Ass'n of Rochester v. Souto*, 601 N.Y.S.2d 43, 44 (Civ. Ct. 1993); *see also*

*Turner*, 2011 N.Y. Slip Op. 51153(U), at *2 (same).  Here, in the caption, Plaintiff noted that he

"wrote to [the] Inspector General for full names and . . . had no respon[s]e."  (Compl. 1.)  Also in

the caption, Plaintiff wrote "C[.]O. Deagan" and described "Correctional Officer John Doe" as a

person who allegedly worked at "Downstate Corr[ectional] [F]ac[ility] on Sep[tember] 5, 2010

on [*sic*] the 7[] a[.]m. [to] 3[] p[.]m. shift in D-Block, Complex 1."  (*Id.*)  Moreover, as

"Defendant No. 1," Plaintiff listed "John Doe (C[.]O. Deagan younger brother)."  (*Id.*)

Accordingly, from the face of the original Complaint, it is apparent that Plaintiff was, at the very

least, ignorant "in part" of Deacon's name, and "designat[ed] so much of [Deacon's] name and

identity as [was] known," for purposes of invoking CPLR § 1024.

Under CPLR § 1024, a plaintiff may substitute a named party for a John Doe party *nunc*

*pro tunc* if the plaintiff meets two requirements.  *Hogan*, 738 F.3d at 518–19.  Specifically, a

plaintiff must (1) "'exercise due diligence, prior to the running of the statute of limitations, to

identify the defendant by name,'" and (2) "describe the John Doe party 'in such form as will

fairly apprise the party that [he] is the intended defendant.'"  *Id.* (quoting *Bumpus v. N.Y.C.*

*Transit Auth.*, 883 N.Y.S.2d 99, 104 (App. Div. 2009)) (second alteration in original).[2]

Due diligence in this context "requires that a plaintiff 'show that he or she made timely

---

[2] Pursuant to New York Civil Practice Law and Rules ("CPLR") § 306-b, once a John Doe
complaint is filed, a plaintiff must serve it on the correct defendant "within one hundred twenty
days after the commencement of the action."  N.Y. C.P.L.R. § 306-b.  *See Vasconcellos v. City of
New York*, No. 12-CV-8445, 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014); *cf. Fisher v.
Cnty. of Nassau*, No. 10-CV-677, 2011 WL 4899920, at *4 (E.D.N.Y. Oct. 13, 2011) (explaining
that under CPLR § 1024, a plaintiff may sue an unknown defendant if he, among other things,
"identif[ies] and serve[s] the previously-unknown defendant within 120 days of his filing suit"
(quoting *Bumpus v. New York City Transit Auth.*, 883 N.Y.S.2d 99, 104 (App. Div. 2009)).
Here, Defendant does not dispute that Plaintiff met this requirement.

efforts to identify the correct party before the statute of limitations expired.'" *Strada*, 2014 WL
3490306, at *5 (quoting *Justin v. Orshan*, 788 N.Y.S.2d 407, 408 (App. Div. 2005)); *see also
Sims v. Electrolux Home Prods., Inc.*, No. 13-CV-625, 2014 WL 4828151, at *10 (N.D.N.Y.
Sept. 29, 2014) (same).  Federal and New York courts have held that where there is no indication
in the record that a plaintiff has exercised due diligence prior to the expiration of the statute of
limitations, a plaintiff is not entitled to make use of the "John Doe" procedure provided in CPLR
§ 1024.  *See, e.g., Vasconcellos*, 2014 WL 4961441, at *9 (noting that "[n]othing before the
[c]ourt indicate[d] that [the plaintiff] took any steps to ascertain the [o]fficer [d]efendants'
identities prior to retaining counsel[,] . . . . [t]he declaration submitted by [the plaintiff's]
attorney contain[ed] no indication that he exercised 'due diligence' to identify the [o]fficer
[d]efendants before [the expiration of the statute of limitations[,]" and the plaintiff's attorney
"did not file a *Valentin* demand or take any other steps to identify the [o]fficer [d]efendants until
after the initial conference [held after the relevant statute of limitations expired], when the court
(not counsel) entered a *Valentin* order"); *JCG*, 2014 WL 1630815, at *14 (concluding that the
plaintiff could not satisfy the first requirement of § 1024 because he waited until the statute of
limitations had nearly run to file his complaint, and "appear[ed] to have expended no efforts at
all to identify the [i]ndividual [d]efendants in the three years [that followed the events giving rise
to the plaintiff's allegations], . . . . [such as] "serv[ing] discovery demands upon the known
parties, [seeking] disclosures pursuant to a Freedom of Information Law request, or writ[ing]
letters to the Attorney General's Office" (internal quotation marks omitted)); *Williams v. United
States*, No. 07-CV-3018, 2010 WL 963474, at *13 (S.D.N.Y. Feb. 25, 2010) (holding that
despite the plaintiff's "limitations, given his incarceration and pro se status," the plaintiff did not
show that "he exercised some due diligence in an attempt to identify the [i]ndividual

[d]efendants prior to filing the [c]omplaint[,]" when the plaintiff "provided no information

regarding his pre-filing efforts to identify the [i]ndividual [d]efendants . . . . [and] [d]espite th[e]

[c]ourt's request that [the] [p]laintiff provide additional details [about his due diligence], [he]

merely wrote that he [had] made his best effort to carry out the case accordingly" (italics and

internal quotation marks omitted)); *Temple*, 933 N.Y.S.2d at 323 (concluding that "the plaintiff

failed to exercise due diligence to discover the identity of the John Doe defendants prior to the

expiration of the statute of limitations[,]" in part, because "[t]here [was] no indication in the

record that the plaintiff engaged in any pre-action discovery or Freedom of Information

Law . . . requests[,]" and when the responses to "some limited discovery demands" were "less

than adequate, the plaintiff failed to promptly seek further discovery, neglected to submit a

properly executed authorization to the disclosing party, and failed to properly and promptly seek

assistance from the [New York] Supreme Court"); *cf. Lepore v. Town of Greenburgh*, 992

N.Y.S.2d 329, 332 (App. Div. 2014) (holding that the Supreme Court erred in failing to grant the

defendants' motion to dismiss because plaintiffs failed to identify the relevant John Does and

serve them prior to the expiration of the statute of limitations and "failed to raise a triable issue

of fact as to whether they exercised due diligence in attempting to identify and serve the John

Does such that the applicable limitations periods had tolled or were otherwise inapplicable").

  Here, as mentioned, Plaintiff noted in his original Complaint that he "wrote to [the]

Inspector General for [the] full names and . . . had no respon[s]e." (Compl. 1.)  In his opposition

papers, Plaintiff again explained that in the original Complaint he "named defendant as John Doe

due [*sic*] that [P]laintiff wrote to Inspector General Todd Thomas and received no response."

(Pl.'s Mem. 1.)  Accordingly, this is not a case where "[n]othing before the [c]ourt indicates that

[Plaintiff] took any steps to ascertain [Defendant's] identit[y]."  *Vasconcellos*, 2014 WL

4961441, at *9.  Instead, Plaintiff contacted an official to provide information about Defendant's full identity, *cf. JCG*, 2014 WL 1630815, at *14 (refusing to find the plaintiff acted with due diligence because, among other things, the plaintiff "expended no efforts at all to identify the [i]ndividual [d]efendants . . . . . [like] writ[ing] letters to the Attorney General's Office"), and notified the Court of his futile effort to discover Defendant's identity, *cf. Williams*, 2010 WL 963474, at *12 (finding due diligence lacking where the plaintiff "provided no information regarding his pre-filing efforts to identify the [i]ndividual [d]efendants . . . . [d]espite th[e] [c]ourt's request that [the] [p]laintiff provide additional details"); *Temple*, 933 N.Y.S.2d at 323 (finding lack of due diligence when, among other things, the plaintiff "failed to properly and promptly seek assistance from the [New York] Supreme Court" in identifying the John Doe defendants).  Moreover, after the Attorney General notified Plaintiff of the two officers who worked during the relevant shift by letter dated October 25, 2013, (*see* Dkt. No. 6), Plaintiff filed the Amended Complaint within thirty days naming Deacon as the defendant, as mandated by the Order of Service.  (*See* Order of Service 2; Am Compl. 1.).  *Cf. Strada*, 2014 WL 3490306, at *6 (refusing to find that the plaintiff acted with due diligence under § 1024 because, among other things, when the defendants provided the plaintiff with the names of the officers involved in the plaintiff's arrest prior to the expiration of the statute of limitations, the plaintiff did not attempt to amend the complaint).

Defendant contends that Plaintiff cannot show the due diligence that CPLR § 1024 requires because "[P]laintiff knew in substantial part . . . [D]efendant's identity at the time of the incident but did not identify him within the next three years."  (Def.'s Reply 3 n.1.)  To support this assertion, Defendant relies on a grievance that Plaintiff attached to his opposition papers. The grievance is dated September 9, 2010, four days after the alleged incident occurred, and

names "C[.]O. Deagan" as the officer that pushed Plaintiff down the stairs.  (*See* Pl.'s Mem.

unnumbered attachment 1.)  Plaintiff also attached a letter to his opposition papers to "ADA

Perez Superint[e]nd[e]nt" dated September 6, 2010, one day after the alleged incident occurred.

In the letter, Plaintiff writes that he was "push[ed] and hit in [the] back by Officer Deagan," and

"C.O. Deagan" threatened him after he returned from the nurse.  (*See id.* 3, 5.)

   The Court is skeptical of Defendant's invitation to rely on the grievance and letter to

draw an inference against Plaintiff at the motion to dismiss stage.  Courts have held that it may

be appropriate to consider materials outside of the Complaint in the pro se context, *see*

*Alsaifullah*, 2013 WL 3972514, at *4 n.3, and, in particular, materials that a pro se plaintiff

attaches to his opposition papers, *see Agu*, 2010 WL 5186839, at *4 n.6 (noting that "[o]n a

motion to dismiss, the Court can consider documents that a pro se litigant attaches to his

opposition papers").  However, this exception to the general rule that a court is not to consider

materials outside of the complaint, *see Leonard F.*, 199 F.3d at 107, derives from the "special

solicitude" that pro se plaintiffs are afforded, *Jackson v. Onondoga Cnty.*, 549 F. Supp. 2d 204,

219 (N.D.N.Y. 2008); *see also Rodriguez v. McGinnis*, 1 F. Supp. 2d 244, 246–47 (S.D.N.Y.

1998) ("Although material outside a complaint generally is not to be taken into consideration on

a motion to dismiss, the policy reasons favoring liberal construction of pro se complaints permit

a court to consider allegations of a pro se plaintiff in opposition papers on a motion where, as

here, those allegations are consistent with the complaint.").  The Court, therefore, is disinclined

to grant Defendant's Motion by inferring that Plaintiff failed to exercise due diligence from the

materials that Plaintiff attached to his opposition papers.

   Assuming, arguendo, that it is appropriate to consider the grievance and the letter, the

Court rejects Defendant's conclusion that in light of these documents "it seems that [the due

diligence] standard could not be satisfied."   (Def.'s Reply 3 n.1.)  Rather, the documents may be read to support Plaintiff's statement in his original Complaint that he did not know Deacon's "*full* name[]."  (Compl. 1) (emphasis added).  Indeed, Plaintiff refers to Defendant in the grievance and the letter as "Deagan" and in the original Complaint as "C[.]O. Deagan [*sic*] younger brother."  Rather than conclusively establish that Plaintiff did not exercise due diligence in identifying Defendant, the documents suggest that Plaintiff did not know Defendant's full name, and therefore, at the very least, there is an "issue of fact as to whether [Plaintiff] exercised due diligence in attempting to identify and serve [Defendant]."  *Lepore*, 992 N.Y.S.2d at 332. This is not, then, a case where a statute of limitations "defense appears on the face of the complaint[,]" warranting dismissal.  *Staehr*, 547 F.3d at 425.  Instead, because of Plaintiff's effort to identify Defendant through the inspector general, his notification to the Court of these efforts, and his amendment naming Deacon as the defendant when the Attorney General disclosed Deacon's full identity pursuant to the Order of Service, the Court finds at this stage that Plaintiff acted with due diligence to meet the first requirement of § 1024.

Plaintiff also satisfies the second requirement of § 1024.  As an initial matter, the Court notes that Defendant has not addressed whether the original Complaint sufficiently notified him that he was the intended defendant.  *See Vallade v. Fischer*, No. 12-CV-231, 2014 WL 5481881, at *9 (W.D.N.Y. Oct. 29, 2014) (report and recommendation), *adopted by* 2014 WL 5481881 (recommending denial of part of the defendants' motion for summary judgment based on the plaintiff's failure to identify and substitute one defendant as the John Doe defendant prior to the expiration of the statute of limitations because the defendants made no attempt to address either of the two requirements under § 1024).  In any event, the Court finds that Plaintiff "describe[d] the John Doe party 'in such form as . . . fairly apprise[d] [Deacon] that [he was] the intended

defendant.'" *Hogan*, 738 F.3d at 519 (quoting *Bumpus*, 883 N.Y.S.2d at 104).  As discussed

above, in the original Complaint, Plaintiff alleged that the John Doe defendant worked at

Downstate Corr[ectional] [F]ac[ility] on Sep[tember] 5, 2010 on [*sic*] the 7[] a[.]m. [to] 3[]

p[.]m. shift in D-Block, Complex 1." (Compl. 1.)  In parenthesis, Plaintiff noted "C[.]O.

Deagan, [h]e has old [*sic*] brother by same name." (*Id.*)  As "Defendant No. 1," Plaintiff listed

"John Doe (C[.]O. Deagan younger brother)." (*Id.*).  Moreover, Plaintiff's detailed description

of the incident in the original Complaint provided sufficient information about the identity of

Defendant, the location of the incident, and Defendant's precise conduct.  The alleged facts read,

in part, that:

> Officer John Doe (C.O. Deagan) went to [Plaintiff's] cell (cell 8) in D-Block
> because they had called medication and [Plaintiff's] cell was not unlocked for
> [him] to go, [*sic*] [h]e started hitting and pushing [Plaintiff] down the inside stair
> and kicking [Plaintiff's] boots as to cause [Plaintiff] to fall, other inmates were
> present inside . . . watching t.v. [*sic*] . . . when he preceded [*sic*] to hit and push
> [Plaintiff] using excessive force all the way outside the Housing Block he pushed
> [Plaintiff] with more force down the stair in front of D-Block.

(Compl. 3.)  This provided sufficient information about Defendant.  *See Maurro*, 795 N.Y.S.2d

at 868 (finding that the plaintiff's description of "'Jane Doe' as 'a/k/a 'Jane' Usa, M.D., the

physician who treated [the plaintiff] at [the defendant's] office whose name is fictitious as

presently unknown' was sufficient for [the] purpose" of fairly apprising the defendant that she

was the intended defendant); *Duncan v. City of New York*, No. 11-CV-3901, 2014 WL 3530858,

at *3 (E.D.N.Y. July 15, 2014) (finding the defendant "was fairly apprised that he was one of the

John Doe defendants against whom [the plaintiff] intended to assert a claim" because, among

other things, the relevant complaint "made clear that there was an additional unidentified officer

whom [the plaintiff] specifically described as having participated in holding him down on the

barbershop floor and punching and kicking him—the precise conduct he . . . ascribe[d] to [the

defendant]" in his operative complaint).  Plaintiff also included the address of the facility, information identifying the complex, information identifying the stairs at which the alleged incident occurred, and 11:21 a.m. as the approximate time of the incident.  (Compl. 2, 4.) Plaintiff's original Complaint, therefore, "describes with particularity the date, time, and location of the alleged . . . incident."  *Hogan*, 738 F.3d at 519.  Accordingly, Plaintiff satisfies the second requirement of § 1024.  His claims against Deacon, therefore, are not time-barred under Rule 15(c)(1)(A).

### III.  Conclusion

In light of the foregoing analysis, the Court denies Defendant's Motion to Dismiss.  The Clerk of Court is respectfully requested to terminate the pending Motion.  (Dkt. No. 17.)

SO ORDERED.

DATED:      November 25, 2014
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

17