MEMO ENDORSED

# LAW OFFICE OF AMY JANE AGNEW, P.C.

Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

November 1, 2023

**VIA ECF**

Re: *Ceara v. Deacon, 13-cv-6023 (KMK)*

Dear Judge Karas:

Since May 16, 2021, we have served as *pro bono* counsel to Mr. Ceara in this case; Since October 17, 2022, this office has served as *pro bono* counsel for Mr. Ceara in a WDNY matter styled *Ceara v. Dowley*, 15-cv-6266 before Magistrate Judge Payson. We submit this letter pursuant to LR 1.4 requesting leave to withdraw as *pro bono* counsel. Unfortunately, there has been an irreconcilable breakdown in the attorney/client relationship. As far as I can recall, I have only withdrawn on one previous occasion, and it brings me no pleasure.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Ibid.* (quoting *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 U.S. Dist. LEXIS 16572, 1996 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)) (alteration in original). Here, prosecution of the cases is over.

**Breakdown in Attorney-Client Relationship**

After good faith negotiations with the Defendants and with the consent of Mr. Ceara, a global settlement was reached for both lawsuits in early June of this year. On June 7, 2023, the essential terms of the settlement for both cases were placed on the record before the Court. Mr.

---

*New York Office*  (973) 600-1724  aj@ajagnew.com  *New Jersey Office*
24 Fifth Avenue, Suite 1701                               36 Page Hill Road
New York, NY 10011                                        Far Hills, NJ 07931

Ceara was present telephonically for the settlement and had opportunity to address the Court. In late June, counsel for the parties completed the settlement documents. On July 7, 2023, we forwarded the settlement documents to Mr. Ceara for signature. Mr. Ceara never signed the documents. Eventually, we also resent the settlement documents on two other occasions at his direction and spoke with him several times in an effort to understand any issues. Over the ensuing months thereafter, we tried on multiple occasions to communicate with Mr. Ceara and failed.

On October 25, 2023, after reestablishing contact with Mr. Ceara, a conference was held before Judge Payson regarding settlement. At the conference, Mr. Ceara advised the court that he would not sign the settlement paperwork. Mr. Ceara seems to now raise the concern of a lien. As matter of course in all our cases, we run lien checks for Medicare and Medicaid, neither of which were concerns in Mr. Ceara's case, however, he has been receiving public assistance since his release. Public assistance can create a lien on certain funds, though torts settlements are generally exempt if unrelated to the costs paid by the public fisc. We have offered multiple avenues for confronting the lien, including our best efforts to negotiate the lien on his behalf. Mr. Ceara indicated discomfort with our proposed solutions.

Unfortunately, given the circumstances, my office must seek leave to withdraw. Federal courts have consistently allowed lawyers to withdraw in the wake of a client's reneging on a settlement agreement. *See, e.g., Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 321 (2d Cir. 1997); *Foster v. City of N.Y.*, 96 Civ. 9271 (PKL), 2000 U.S. Dist. LEXIS 1251, at *12-13 (S.D.N.Y. Feb. 4, 2000). Moreover, an attorney should be permitted to withdraw if he believes his client's case or position is so lacking in merit that he cannot present it in good faith. *See, e.g., Goldsmith v. Pyramid Communications, Inc.*, 362 F. Supp. 694, 696-97 (S.D.N.Y. 1973). Our

*New York Office*  
24 Fifth Avenue, Suite 1701  
New York, NY 10011

(973) 600-1724

aj@ajagnew.com

*New Jersey Office*  
36 Page Hill Road  
Far Hills, NJ 07931

very serious obligations under Rule 11 preclude us from opposing any motion to enforce the settlement filed by the State. Our office cannot advance the argument that these cases were not lawfully settled, nor can we move to reopen the cases for trial. Once a legitimate prospect of Rule 11 sanctions comes into play, leave to withdraw must be granted. See *Foster*, 2000 U.S. Dist. LEXIS 1251, at *12-13(citing *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999)). For the same reasons, we have also moved before Judge Payson for leave to withdrawal.

We respectfully request that the Court grant leave for us to withdraw as *pro bono* counsel for Plaintiff. The undersigned certifies that a copy of this letter motion will be served upon Mr. Ceara by email and first-class mail, along with all counsel of record via the ECF filing system.

We thank the Court for its continued courtesies and attention to this matter.

> The application to withdraw is reluctantly granted. The Court thanks Ms. Agnew and all who work with her for their exceptional work in this case. Ms. Agnew, as one last act in this case, is requested to send this memo endorsed document to Mr. Ceara.
>
> So Ordered.
>
> [signature]
>
> 11/1/23

Very truly yours,

*AJ Agnew*

Amy Jane Agnew, Esq.

---

*New York Office*  
24 Fifth Avenue, Suite 1701  
New York, NY 10011

(973) 600-1724

aj@ajagnew.com

*New Jersey Office*  
36 Page Hill Road  
Far Hills, NJ 07931